UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MICHAEL SAMPSON, | ) | 1:06-CV-01789 AWI SMS HC |
| Petitioner, | ) | |
| v. | ) | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| W. J. SULLIVAN, Warden, | ) | |
| Respondent. | ) | |

Petitioner is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**FACTUAL AND PROCEDURAL BACKGROUND**[1]

Petitioner is currently in the custody of the California Department of Corrections at the California Correctional Institution in Tehachapi, California. With this petition, Petitioner does not challenge his underlying conviction and sentence. Rather, he challenges a prison disciplinary hearing held on April 24, 2006, in which Petitioner was found guilty of mutual combat with another inmate.

According to the Rules Violation Report, on April 8, 2006, Correctional Officer J. Butler observed Petitioner engaged in mutual combat with Inmate Vandem in the gym. He observed both inmates throwing punches at each other's head and body area. Both inmates refused to get down on

---

[1]This information is derived from the petition for writ of habeas corpus and copies of the Rules Violation Report and appeal decisions attached to the petition.

the ground when ordered to do so; therefore, pepper spray was dispersed. Petitioner then complied and got down in a prone position and was placed in restraints. At the hearing, Petitioner made the following statement: "He sat on my pants. I just grabbed him and took him down. There was [sic] no punches thrown."

The senior hearing officer found Petitioner guilty and assessed him a ninety (90) day loss of time credit. Petitioner was advised he could appeal the decision. Petitioner was given a final copy of the RVR on May 3, 2006.

On May 5, 2006, Petitioner submitted an inmate appeal requesting a re-hearing. On the same date, reviewing staff denied the appeal finding ample evidence of the charge. Petitioner then filed a formal level appeal on May 8, 2006. The appeal was denied on July 13, 2006. It was determined that all procedural due process requirements were met and the evidence supported the charge. Petitioner then filed an appeal at the director's level. On November 7, 2006, the appeal was denied based on the same reasons cited in the prior appeals.

Petitioner does not state whether he has sought relief in any state court.

On December 8, 2006, Petitioner filed the instant federal habeas petition in this Court. Petitioner claims he is not guilty of the offense of mutual combat. He claims prison staff were aware that Inmate Vandem was a violent inmate and should not have been placed with Petitioner. He claims he was only defending himself from Vandem's attack.

**DISCUSSION**

I. Jurisdiction

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to a judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 (2000). Petitioner's claims for relief arise out of a disciplinary hearing at the California Correctional Institution in Tehachapi, California, which is located within the jurisdiction of this Court. 28 U.S.C. §§ 2254(a), 2241(d). If a constitutional violation has resulted in the loss of time credits, such violation affects the duration of a sentence, and the violation may be remedied by way of a petition for writ of habeas corpus. Young v. Kenny, 907 F.2d 874, 876-78 (9th Cir. 1990).

II.  Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ."  The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  See Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001).

III.  Exhaustion

Title 28 U.S.C. § 2254(b)(1) requires a petitioner who is in state custody to exhaust his state judicial remedies. The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501 U.S. 722, 731, 111 S.Ct. 2546, 2554-55 (1991);  Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court.  Picard v. Connor, 404 U.S. 270, 276, 92 S.Ct. 509, 512 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996).  A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan v. Henry, 513 U.S. 364, 365 (1995) (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim.  Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir.2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998).  In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations

of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366.  The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

In this case, Petitioner fails to state whether he has sought relief in the California Supreme Court.  However, it appears from the petition that Petitioner has only sought administrative relief within the institution.  Therefore, the instant petition appears to be unexhausted.  The Court must dismiss without prejudice an unexhausted petition that contains unexhausted claims.  28 U.S.C. § 2254(b)(1); Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir.2001).

As the petition is also plainly without merit, the Court will recommend the dismissal be with prejudice.

IV.  Review of Petitioner's Claims

Petitioner contends he was wrongly found guilty of mutual combat and assessed a 90 day loss of time credits.

Prisoners cannot be entirely deprived of their constitutional rights, but their rights may be diminished by the needs and objectives of the institutional environment. Wolff v. McDonnell, 418 U.S. 539, 555 (1974).  Prison disciplinary proceedings are not part of a criminal prosecution, so a prisoner is not afforded the full panoply of rights in such proceedings.  Id. at 556.  Thus, a prisoner's

due process rights are moderated by the "legitimate institutional needs" of a prison. Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989), *citing* Superintendent, etc. v. Hill, 472 U.S. 445, 454-455 (1984).

However, when a prison disciplinary proceeding may result in the loss of good time credits, due process requires that the prisoner receive: (1) advance written notice of at least 24 hours of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action. Hill, 472 U.S. at 454; Wolff, 418 U.S. at 563-567. In addition, due process requires that the decision be supported by "some evidence." Hill, 472 U.S. at 455, *citing* United States ex rel. Vatauer v. Commissioner of Immigration, 273 U.S. 103, 106 (1927)

Petitioner does not claim he was denied any of the above due process requirements, and the Rules Violation Report and appeals demonstrate that in fact the disciplinary hearing did comply with due process. In addition, it is clear the guilty finding was supported by "some evidence." Petitioner's statement at the hearing was that Inmate Vandem sat on his pants. Petitioner responded by grabbing Vandem and taking him to the ground. In addition, Correctional Officer Butler watched as the two inmates threw punches at each other.

The petition does not demonstrate a constitutional violation occurred. All due process requirements were satisfied and the guilty finding was supported by the evidence.

**RECOMMENDATION**

Accordingly, IT IS HEREBY RECOMMENDED that the petition for a writ of habeas corpus be DISMISSED with prejudice. It is FURTHER RECOMMENDED that the Clerk of Court be DIRECTED to enter judgment.

This Findings and Recommendation is submitted to the assigned District Judge, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within ten court days after being served with the Findings and Recommendation (plus three days for mailing), any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Any reply to the objections shall be served and

1 filed within ten court days after service of the objections (plus three days for mailing).  The parties
2 are advised that failure to file objections within the specified time may waive the right to appeal the
3 District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

5 IT IS SO ORDERED.

6 **Dated:    January 16, 2007**              /s/ **Sandra M. Snyder**
icido3                             UNITED STATES MAGISTRATE JUDGE